IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRVIN TERRELL TATUM,

        Plaintiff,                        No. CIV S-02-2697 RRB EFB P

    vs.

STEVE VANCE, et al.,                FINDINGS AND RECOMMENDATIONS

        Defendants.
                                  /

       Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. Defendants are correctional officers employed at California Sate Prison, Sacramento. In the May 13, 2005, amended complaint, plaintiff alleges that defendants have mistakenly classified himself and other inmates as gang members, causing them to be attacked and suffer restrictions on personal visits, yard-time exercise, and canteen privileges. The complaint also alleges that defendants facilitated a riot between rival prison gangs, causing inmates to receive serious injuries; and that defendants retaliated against plaintiff for filing grievances regarding his mistreatment by placing him in administrative segregation. The case is currently before the court on plaintiff's motion for a preliminary injunction.

       A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v.*

*Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff seeks an order directing defendants not to restrict him from sending funds to his lawyers and family. Defendants have not filed an opposition. Nonetheless, no basis has been shown here that warrants entry of an injunction. Plaintiff has not demonstrated a probability of success on the merits. Assuming that he has at least raised serious questions, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm. He contends that defendants are restricting his ability to send funds from his trust account, but plaintiff is no longer housed at California State Prison, Sacramento, as he was transferred to Pelican Bay State Prison on or around September 2, 2006.
////

1 Plaintiff has not identified by name which defendants are restricting his funds or otherwise
2 explained how defendant employees at his previous facility of incarceration are affecting his
3 ability to send funds from his trust account at Pelican Bay State Prison. Plaintiff has not
4 demonstrated how this alleged restriction results in irreparable harm, but the restriction appears
5 not to have affected his ability to litigate this action. Contemporaneous to his filing of his
6 motion for a preliminary injunction, plaintiff filed a motion for default judgment for defendants'
7 failure to file a pretrial statement. Plaintiff has not made any showing that restriction to his trust
8 account results in irreparable injury.

9 　　　　Accordingly, it is hereby RECOMMENDED that plaintiff's December 18, 2006, motion
10 for injunctive relief be denied.

11 　　　　These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after
13 being served with these findings and recommendations, plaintiff may file written objections with
14 the court and serve a copy on all parties. Such a document should be captioned "Objections to
15 Magistrate Judge's Findings and Recommendations." Failure to file objections within the
16 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
17 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18 Dated: August 27, 2007.

　　　　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE