IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRVIN TERRELL TATUM,

    Plaintiff,                      No. CIV S-02-2697 JAM EFB P

    vs.

STEVE VANCE, et al.,

    Defendants.                FINDINGS & RECOMMENDATIONS

                          /

       Plaintiff is a state prisoner proceeding pro se in this civil rights action. *See* 42 U.S.C. § 1983. On September 22, 2008, defendants filed a motion for summary judgment. As explained below, it is recommended that the motion be denied because it is untimely and lacks merit.

       The deadline for filing dispositive motions was April 28, 2006. *See* Nov. 3, 2005 Order, ¶ 2. In their January 10, 2007 pretrial statement, however, defendants indicated that a motion for summary judgment could resolve some of the claims in this case. In the August 29, 2008 pretrial order, the court observed that discovery and law and motion were closed, and that defendants had not shown good cause to modify the pretrial schedule to extend the deadline for filing dispositive motions. Nonetheless, the court directed defendants to, within fourteen days, lodge a proposed brief for summary judgment, solely addressing Eleventh Amendment and jurisdictional

1

issues. *See* Aug. 29, 2008 Pretrial Order, § N.

On September 22, 2008, after the fourteen days had passed, defendants filed an untimely motion for summary judgment, along with a request for a nunc pro tunc extension of time. To obtain an extension based on a late request, defendant must show excusable neglect. Fed. R. Civ. P. 6(b). Carelessness does not usually constitute excusable neglect. *See Kyle v. Campbell Soup Company*, 28 F.3d 928, 929 (9th Cir. 1994) (stating that inadvertence, ignorance of court rules and misconstruction of court rules usually do not constitute excusable neglect). In her request for an extension of time, counsel for defendants explains that the motion was filed late because she failed to calendar the due date and mistakenly thought that this case had been reassigned to another attorney. The court finds that defendants' request for an extension of time is not supported by good cause. *See* Fed. R. Civ. P. 6(b).

Furthermore, a review of defendants' motion for summary judgment reveals that the brief is facially without merit. The motion contains arguments that plaintiff's claims are barred by the Eleventh Amendment and/or that plaintiff's state law claims are unexhausted. The Eleventh Amendment bars a private party from bringing suit against a State, its agencies, or its employees acting in their official capacity. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (noting that suit against State employee in his official capacity is no different from suit against the state itself). A suit for damages against an officer as an individual is not an official capacity suit. *See Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1983) (action for damages under § 1983 against defendant state officers personally not barred by Eleventh Amendment).

The court has thoroughly reviewed plaintiff's complaint, which reveals that plaintiff has only sued defendants in their individual capacities and has not alleged any state law claims. Since plaintiff does not sue the defendants in their official capacities, there is no basis for finding that the defendants are immune from suit under the Eleventh Amendment. Additionally, since plaintiff does allege any state law claims, arguments that such claims remain unexhausted appear

issues. *See* Aug. 29, 2008 Pretrial Order, § N.

On September 22, 2008, after the fourteen days had passed, defendants filed an untimely motion for summary judgment, along with a request for a nunc pro tunc extension of time. To obtain an extension based on a late request, defendant must show excusable neglect. Fed. R. Civ. P. 6(b). Carelessness does not usually constitute excusable neglect. *See Kyle v. Campbell Soup Company*, 28 F.3d 928, 929 (9th Cir. 1994) (stating that inadvertence, ignorance of court rules and misconstruction of court rules usually do not constitute excusable neglect). In her request for an extension of time, counsel for defendants explains that the motion was filed late because she failed to calendar the due date and mistakenly thought that this case had been reassigned to another attorney. The court finds that defendants' request for an extension of time is not supported by good cause. *See* Fed. R. Civ. P. 6(b).

Furthermore, a review of defendants' motion for summary judgment reveals that the brief is facially without merit. The motion contains arguments that plaintiff's claims are barred by the Eleventh Amendment and/or that plaintiff's state law claims are unexhausted. The Eleventh Amendment bars a private party from bringing suit against a State, its agencies, or its employees acting in their official capacity. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (noting that suit against State employee in his official capacity is no different from suit against the state itself). A suit for damages against an officer as an individual is not an official capacity suit. *See Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1983) (action for damages under § 1983 against defendant state officers personally not barred by Eleventh Amendment).

The court has thoroughly reviewed plaintiff's complaint, which reveals that plaintiff has only sued defendants in their individual capacities and has not alleged any state law claims. Since plaintiff does not sue the defendants in their official capacities, there is no basis for finding that the defendants are immune from suit under the Eleventh Amendment. Additionally, since plaintiff does allege any state law claims, arguments that such claims remain unexhausted appear

1 equally inapplicable.

2 Accordingly, it is hereby recommended that defendants' September 22, 2008 motions be
3 denied.

4 These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after
6 being served with these findings and recommendations, any party may file written objections
7 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
8 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
9 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
10 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 Dated:   October 21, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3